IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

HUNT GALLINA and MARY GALLINA,

    Plaintiffs,

v.                                                                     No. 1:10-cv-01219-JDB-egb

THE CITY OF STANTON, TENNESSEE,
THE MAYOR OF STANTON, Individually
and in his Official Capacity, CITY OF STANTON
PLANNING COMMISSION, Commissioners,
Individually and in Official Capacity, CITY
ATTORNEY OF STANTON, Individually and
in Official Capacity, AG GRO CROP
SERVICES, and JIMMY BAIRD, Individually and as
Agent/owner of Ag Gro Crop Services,

    Defendants.

_____

ORDER STRIKING PLAINTIFF'S AMENDED COMPLAINT
_____

    On July 16, 2010, the Plaintiffs, Hunt Gallina and Mary Gallina, instituted this case in the Circuit Court of Haywood County, Tennessee, and Defendant, the City of Stanton, Tennessee, removed the action to this Court on August 20, 2010. (Docket Entry ("D.E.") No. 1.) On September 13, Defendants, Ag Gro Crop Services and Jimmy Baird, moved to dismiss the Plaintiffs' claims[1] while the remaining Defendants filed an answer to the complaint. (D.E. Nos. 8, 9.)

    On June 28, 2011, Plaintiffs filed an amended complaint. Upon review of the docket, the Court finds that the amended complaint does not comply with Federal Rule of Civil Procedure

---

[1] When the Plaintiffs failed to timely respond to the motion to dismiss, the Court directed them to show cause within eleven days why their action against Ag Gro Crop Services and Baird should not be dismissed. (D.E. No. 12.) Plaintiffs did not respond to the show cause order, and the Court dismissed Ag Gro Crop Services and Baird as Defendants for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (D.E. No. 16.)

15(a), which governs the filing of amended and supplemental pleadings before trial.  Fed. R. Civ. P. 15(a).  Rule 15(a)(1) permits a party to amend his pleadings once as a matter of right within twenty-one days after serving the pleading or, if the pleading requires a response, within twenty-one days of service of a responsive pleading or motion, whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Rule 15(a)(2), which governs all other amended and supplemental pleadings, permits an amendment only with written consent of the opposing party or with the court's permission.  Fed. R. Civ. P. 15(a)(2).  Because the twenty-one day period set out in Rule 15(a)(1) has expired, the Gallinas' amended complaint must meet the requirements of Rule 15(a)(2).  However, there is no evidence that the Defendants consented to the amended pleading or that the Plaintiffs obtained leave from the Court to file that document.  Thus, Plaintiffs' amended complaint must be stricken from the record, without prejudice.

     IT IS SO ORDERED this 29th day of June, 2011.

     s/ J. DANIEL BREEN
     UNITED STATES DISTRICT JUDGE