IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| HUNT GALLINA and MARY GALLINA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 1:10-cv-01219-JDB-egb |
| | ) | |
| THE CITY OF STANTON, TENNESSEE, | ) | |
| THE MAYOR OF STANTON, Individually | ) | |
| and in his Official Capacity, CITY OF STANTON | ) | |
| PLANNING COMMISSION, Commissioners, | ) | |
| Individually and in Official Capacity, CITY | ) | |
| ATTORNEY OF STANTON, Individually and | ) | |
| in Official Capacity, and AG GRO CROP | ) | |
| SERVICES, JIMMY BAIRD, Individually and as | ) | |
| Agent/owner of Ag Gro Crop Services, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION TO EXTEND TIME TO RESPOND TO DISCOVERY**

The Defendants, the City of Stanton, Tennessee, City of Stanton Planning Commission, Mayor Allan Sterbinsky and City Attorney Michael Banks, by and through undersigned counsel, submit the following response in opposition to Plaintiffs' Motion to Extend Time to Respond to Discovery [D.E. 44]:

Defendants oppose the Plaintiffs' motion and the relief requested therein for the following reasons:  (1) The Plaintiffs have not consulted with Defendants regarding the motion nor attached a certificate of consultation as required by L.R. 7.2(B); and (2) The granting of a twenty-one day extension for Plaintiffs' to respond to Defendants' Interrogatories and Requests for Production of Documents would be highly prejudicial to Defendants and further delay

Defendants from completing their discovery in this matter.

### I. Plaintiffs' Failure to Consult.

Rule 7.2 of the Local Rules of the United States District Court for the Western Division of Tennessee required the Plaintiffs to consult with Defendants prior to having filed the instant motion. Plaintiffs made no attempt to consult with Defendants regarding a request for extra time to respond to written discovery, and their motion is not accompanied by a certificate of consultation. Moreover, the written discovery at issue in Plaintiffs' motion is the subject of a pending motion to compel filed by the Defendants. [D.E. 42]. As set forth in the motion to compel, counsel for Defendants have made multiple attempts to resolve the discovery dispute prior to filing the motion to compel. [Id.]. To date, the Plaintiffs have not responded. Instead, the Plaintiffs have filed the instant motion without any attempt to consult with counsel for Defendants. Pursuant to Local Rule 7.2 "[f]ailure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion." L.R. 7.2(B). Accordingly, the Defendants request that Plaintiffs motion be denied.

### II. The requested extension would be highly prejudicial to Defendants.

The Plaintiffs contend in their motion that a twenty-one day extension would allow them time to "complete settlement" of this matter. [D.E. 44, at p. 1]. This statement is misleading as it implies there is a settlement to be concluded. Although the Plaintiffs have made a recent offer on February 16, 2012, Plaintiffs' counsel has been previously advised that, after attempts by both parties to reach a resolution, settlement of this matter is unlikely.[1] [See D.E. 37]. Moreover, undersigned counsel advised Plaintiffs' counsel that the Defendants do not intend to postpone completion of discovery pending the offer. After multiple extensions of the discovery deadline

---

[1] Defendants further object to Plaintiffs advising the Court as to any specific offers made by the parties in this matter.

and unsuccessful attempts over several months to obtain deposition dates from Plaintiffs, the Defendants had to move the Court to extend their deadline for taking Plaintiffs' depositions and for filing dispositive motions. [Id.]. The Court granted an extension of the Defendants' deadline for taking the Plaintiffs' depositions until March 15, 2012, or within a reasonable time after receiving Plaintiffs' responses to interrogatories and requests for production of documents. [D.E. 39]. The Court also granted an extension of Defendants' deadline for filing dispositive motions until April 16, 2012, or within a reasonable time after the Defendants are able to depose the Plaintiffs. [Id.]. The Court subsequently reset the trial of this matter to August 7, 2012. [D.E. 41]. Given these circumstances, it would be highly prejudicial to Defendants to allow Plaintiffs to delay Defendants' attempt to complete discovery for another twenty-one days.

Based on the foregoing, the Defendants respectfully request that the Court deny Plaintiffs' motion to extend their deadline for responding to Defendants' First Set of Interrogatories and Requests for Production of Documents.

      Respectfully submitted,

      FLIPPIN, COLLINS & HILL, P.L.L.C.

      By: /s/ Pamela G. Vawter
          MICHAEL R. HILL (#017409)
          PAMELA G. VAWTER (#024768)
          Attorneys for Defendants City of Stanton,
          Stanton Planning Commission, Mayor Allan
          Sterbinsky and City Attorney Michael Banks
          1066 S. Main Street
          P.O. Box 679
          Milan, TN  38358-0679
          Telephone: (731) 686-8355
          Fax: (731) 686-9094
          mh_fch@bellsouth.net
          pv_fch@bellsouth.net

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that a true and correct copy of this pleading or document was served upon the following via the Court's Electronic Case Filing System:

| | |
|---|---|
| Chris R. Johnson | David M. Waldrop |
| Dobson Law Firm, PLLC | Waldrop & Nearn, PC |
| 7515 Corporate Centre Drive | 9032 Stone Walk Place |
| Germantown, TN 38138 | Germantown, TN 38138 |

  This the 23rd day of February, 2012.

            FLIPPIN, COLLINS & HILL, P.L.L.C.

           By:   /s/ Pamela G. Vawter
              PAMELA G. VAWTER